ACCEPTED
13-14-00560-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/27/2015 8:50:20 AM
CECILE FOY GSANGER
CLERK



ANDERSON
LEHRMAN
BARRE
MARAIST, L.L.P.

ANDREW J. LEHRMAN*
BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
*ADMITTED IN TEXAS & NEW MEXICO
CERTIFIED MEDIATOR
www.Lehrman-Mediation.com
ROBERT ANDERSON
DENNY BARRE
KEVIN M. MARAIST
BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

GASLIGHT SQUARE
1001 THIRD STREET, SUITE A
CORPUS CHRISTI, TEXAS 78404
TELEPHONE (361) 884-4981
TELECOPIER (361) 884-9618
WWW.ALBMLAW.COM

NEW MEXICO OFFICE:
BUENA VISTA
SANTA FE, NEW MEXICO 87501
TELEPHONE (505) 424-4981

DOUGLAS D. MCLALLEN
JEFFREY A. LEHRMAN**
**ADMITTED IN TEXAS, NEW YORK & NEW JERSEY

OF COUNSEL:
DOUGLAS E. BIRCHER
MARVIN J. WANNER
BOARD CERTIFIED ESTATE PLANNING & PROBATE
TEXAS BOARD OF LEGAL SPECIALIZATION
TIMOTHY P. DOWLING
BOARD CERTIFIED BUSINESS BANKRUPTCY LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

F I L E D
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

8/27/15

DORIAN E. RAMIREZ, CLERK
BY DTello

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

8/27/2015 8:50:20 AM

CECILE FOY GSANGER
Clerk

August 26, 2015

Justices
13th Court of Appeals
101 Leopard Street, 10th Floor
Corpus Christi, Texas 78401

    Re:    Cause No. 13-14-00560-CV; Coastal Motor Cars, Ltd, d/b/a BMW of
            Corpus Christi v. Mary Lou Brown and Mary Alice Garcia.

Dear Honorable Justices:

    Appellees, Mary Lou Brown and Mary Alice Garcia, file this letter brief in
response to Appellant's Reply Brief.

**Failure to show lack of conscious indifference – failure to hire new counsel**

    Appellant has yet to explain its failure to maintain a correct address with the
court pursuant to Civ. Prac. & Rem Code §30.015(d) and Texas Rule of Civil
Procedure 7 (and cases construing same requiring entities such as a limited
partnership to be represented by counsel), or its extended failure to hire counsel for
sixty-four (64) days after Stewart withdrew and only after being served with
judgment. (ARB 26)[1]. Appellant's attempt to shift the burden onto Appellees to
locate Appellant after Appellant was served and Stewart, it's counsel, provided an
address for Appellant is improper. *See Appellees' Reply Brief* at 35-37. *See* (ARB
28). Appellant also attempts to avoid meeting its burden of showing lack of

---

[1]Appellant's Reply Brief is hereinafter cited as "ARB".

conscious indifference by failing to hire new counsel to Appellees by attempting to argue that it is Appellees' fault that Appellant did not receive the motion for summary judgment. (ARB 28).

Appellant relies on the contention that it was not served with the motion for summary judgment (ARB 26). It is telling that the record evidences that Appellant knew Stewart was withdrawing (CR 431-432, Art Allen Affidavit). Appellant conclusorily states that it *"was **not given sufficient time to address the withdrawal or possibly seek other counsel**."* (CR 431, Art Allen Affidavit) (emphasis supplied). The record is devoid of any explanation as to why Stewart's withdrawal made it impossible or otherwise did not provide sufficient time for Appellant to retain other counsel. Where there is no showing in the record of why a party does not timely hire new counsel after withdrawal of its attorney, as is the case here, a trial court does not abuse its discretion in not granting a motion for new trial. *Grissom v. Watson*, 704 S.W.2d 325, 327 (Tex. 1986).

There is nothing in the record, other than Appellant's conclusory affidavit, showing *why* Appellant was unable to timely hire new counsel. *See Grissom*, 704 S.W.2d at 327. Conclusory allegations are insufficient to establish the absence of intent or conscious indifference. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex.1992); *Halligan v. First Heights, F.S.A.*, 850 S.W.2d 801, 804 (Tex.App.-Houston [14th Dist.] 1993, no writ). The trial court was not required to accept Appellant's conclusory statement regarding its failure to hire new counsel in Appellant's affidavit. *See Ripera v. White*, 234 S.W.3d 802, 808 (Tex. App.-Texarkana 2007, no pet.) ("[A]ffidavits containing factual conclusions and subjective beliefs that are not supported by evidence are defects in substance, and no objection is necessary to preserve error." ).

The trial court is the ultimate fact finder of the *Craddock* elements, charged with weighing the evidence and judging the witness's credibility, and is "free to accept or reject any witness's testimony in whole or in part" *In re Rhodes*, 293 S.W.3d at 344. Appellant's stated subjective and conclusory belief that it was prevented from hiring new counsel (without any explanation as to why) need not be accepted wholesale as true. *See Cope v. US Fidelity & Guaranty Co.*, 752 S.W.2d at 609 ("...there are no outward manifestations of thoughts. A person's state of mind must be inferred from all conduct and accompanying circumstances, and what cannot be specifically proven cannot be specifically controverted."). Accordingly, Appellant's surrounding knowledge and acts must be considered when determining whether there was intentional disregard or conscious indifference. *Strackbein v. Prewitt*, 671

S.W.2d 37, 39 (Tex. 1984); *Sunrizon Homes, Inc. v. Fuller, 141* S.W.2d at 532. This necessarily includes consideration of the undisputed fact that Appellant did not hire counsel until after it was served with the judgment sixty-four (64) days after Stewart's withdrawal, and only after being served with the judgment. This is conscious indifference on its face. (CR 431-435. Art Allen Affidavit).

**Appellee's motion for summary judgment satisfies the "fair notice" standard established by the Texas Supreme Court.**

Appellant would ask this Court to impose a draconian reading of *McConnell v. Southside School Dist.,* (858 S.W.2d 337, (Tex. 1993)) and it's progeny on motions for summary judgment. On page 4 of its reply brief, Appellant, referring to Appellees' Reply Brief page 42, states "Appellees urge a standard that would allow a court to "reasonably infer" grounds "from what is specifically stated" in a summary judgment motion". This standard is not one that was urged by Appellees. Rather, Appellees argue that the standard for stating the basis of a motion for summary judgment within the motion, as stated by the Texas Supreme Court, is analogous to the "fair notice" pleading requirements and the cases interpreting same. *See Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 311 (Tex. 2009); *Boyles v. Kerr,* 855 S.W.2d 593, 601 (Tex. 1993). As stated in Appellees Brief (AB 44), Appellees' motion for summary judgment (CR 184-190) meets or exceeds the "fair notice" standard for for stating its basis.

Appellees have not incorrectly stated the summary judgment standard. (ARB 11-12). It is uncontested that Appellant is limited to a *legal sufficiency* challenge to the summary judgment. When the nonmovant fails to timely respond to a motion for summary judgment, he is precluded from raising problems with the motion for summary judgment with the exception of an attack on the legal sufficiency of the grounds raised by the movant. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678-679 (Tex. 1979). Appellant also misconstrues Appellees' position. Appellees' brief states that when the trial court does not state the grounds upon which the summary judgment was granted, as is the case here, it must be affirmed if *any* of the grounds alleged in the summary judgment motion were meritorious. (Appellees' Brief 53-54). Appellant is incorrect in its contention that Appellees have cited an incorrect standard.

Appellant's reply critiques Appellees' summary judgment evidence. (ARB 13-18). Appellant attacks the affidavits in support of liability and damages. (ARB 8-10). Specifically, Appellant complains of the uncontested affidavits attached to

Appellees' Motion for Summary Judgment and the documents (produced by Appellant) attached thereto. (ARB 13-19). Appellant questions the sufficiency of such as testimony to establish the value of the vehicle and damages. These are formal defects which have been waived by Appellant, therefore Appellant's complaints in this regard are without merit. Formal defects may be waived by failure to object, and if waived, the evidence is considered. *Mathis v. Bocell*, 982 S.W.2d 52 (Tex.App.-Houston [1st Dist.] 1998, no pet.); *Hydroscience Technologies, Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 793 (Tex. App.—Dallas 2013), *review denied* (Sept. 13, 2013).

Appellant is incorrect in its contention that Appellees' did not present adequate evidence of the linkage between the damage testified to and Appellant's conduct. Appellant's contention that the Affidavit of Mary Alice Garcia is insufficient under the property owner rule is incorrect. Appellant's citation to *Nat. Gas Pipeline Co. v. Justiss*, (397 S.W.3d 150 (Tex. 2012)) regarding conclusory property owner testimony, *Nat. Gas Pipeline* is not relevant. *Nat. Gas Pipeline* merely states that while a property owner need not be an expert, there must be some *basis* for the property owner's opinion. *Id.* at 158. Here the basis of the Affiant's opinion as to value and damages is clearly stated by both Appellant's conduct in refusing to take back the vehicle and the CarFax report attached to Mary Alice Garcia's affidavit. (CR 191-221). Further, in paragraph 3 of the Garcia affidavit, Ms. Garcia states the total payment for the vehicle of $48,534.48 as reflected on the Motor Vehicle Retail Installment Sales Contract (CR 191-221). In paragraph 7 of the Garcia Affidavit, Ms. Garcia shows her knowledge of market rates when she states she had traded in the same make and model vehicle with more miles so she could have the same vehicle with less milage. In paragraph 18, Ms. Garcia establishes that another dealership would not even take the vehicle because of the unibody damage (CR 193). This testimony establishes the basis of Ms. Garcia's opinion of the value of the vehicle and the damages in reduced value and Appellant's recognition of the lack the vehicle's value. In paragraph 19, Ms. Garcia establishes familiarity with the fair market rental values in that Appellant's Service Loaner Program Summary Document indicate that a loaner was charged at a rate of $79.99 per day for every day a loaner was not returned timely. (CR 193). Appellant further states the basis for her opinion (which is supported by document provided by Appellant admitting the value given the vehicle by Appellant). (CR 196-221) that Appellant's "total cost" in the vehicle was $25,827.05. Because there is ample basis for Ms. Garcia's opinion state in the affidavit and attached documents, her testimony is sufficient to establish damages under the property owner rule and the *Nat'l Gas* case does not apply.

In light of the foregoing, Appellee prays that the trial court's judgment be

*affirmed.*

Respectfully submitted,

**/s/ Douglas D. McLallen, Sr.**
Denny Barre
State Bar No. 01805280
Douglas D. McLallen
State Bar No. 00788025
Anderson, Lehrman, Barre, and Maraist LLP
Gaslight Square
1001 Third St, Suite 1
Corpus Christi, TX 78404
Telephone: 361-884-4981
Facsimile: 361-884-2822
Email: dbarre@albmlaw.com
Email: dmclallen@albmlaw.com

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served via the e-filing system (if the individual was registered for service) and as shown below on August 26, 2015:

Brian Miller
ROYSTON RAYZOR VICKERY & WILLIAMS, L.L.P.
Frost Bank Plaza, Suite 1300
802 N. Carancahua, Texas 78401
Email: brian.miller@roystonlaw.com

*Attorney for Appellant, Coastal Motorcars Ltd. d/b/a BMW of Corpus Christi*

**/s/ Douglas D. McLallen, Sr.**
Douglas D. McLallen, Sr.